[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This was a hearing in damages tried to the court on November 9 and 10, 1994, in which plaintiffs sought monetary damages from defendants Michael Gallas and Georgia Gallas for intentional infliction of emotional distress. The claim for a permanent injunction was abandoned at the hearing.
Both defendants were defaulted for failure to plead on July 23, 1993, and defendant Georgia Gallas was again defaulted on November 9, 1994 for failure to appear for the hearing in damages.
Although this was a hearing in damages, the court considered certain evidence in regard to liability so that it could determine the amount of damages to be awarded. Thus, it found the conduct of the defendants to be relevant when it considered the severity of the emotional distress suffered by plaintiffs.
The court finds that defendant Michael Gallas, the landlord, entered the premises leased by the plaintiffs on several occasions without their consent when they were not home. On one occasion they found money missing. He continued to enter their premises without giving notice in spite of their request to give them proper notice. On October 9, 1992 defendant Georgia Gallas phoned the plaintiffs and told them to leave the property and told them they could not use the garage or backyard. She threatened to call the Superintendent of the Wethersfield Schools to tell him that the plaintiffs would be evicted. Plaintiffs became concerned for their children who had to walk to and from school. On October 10, 1992 Michael Gallas came to the plaintiffs' home at about 9:00 P.M. He was staggering and had a strong odor of alcohol on his breath. He wanted to go through the premises and remove oil from their tank. He was very belligerent and frightened CT Page 12384 the children of the plaintiffs. The plaintiffs felt compelled to put steel two-by-fours against the doors to protect their safety.
On October 11th Mr. Gallas again came to the house around 8:00 A.M. He was again belligerent and said he needed access to the house to pump the oil out. He pushed the door against Lucy Hartranft trying to get access to the house, and almost pushed her down the steps. She became terrified and the police were called. As of October 11th the actions of defendant Michael Gallas affected the plaintiffs' ability to enjoy the premises. Mrs. Hartranft was afraid to stay alone in the house and on several occasions traveled with Mr. Hartranft when he went on business trips. When she could not accompany him, she would go to her grandmother's house to say overnight.
On November 12th, 1992 the plaintiffs received a court order restraining the defendants from coming onto their premises without their permission. On November 13th Michael Gallas started yelling at the children of the plaintiffs when they were playing in the backyard. From that date until March of 1993, when the plaintiffs moved out, the plaintiffs did not allow their children to play outside.
On February 14, 1993 at around 7:00 P.M. defendant Michael Gallas was driving back and forth in the driveway near the plaintiffs' car. Mr. Hartranft went outside because he was afraid that defendant was going to hit his car. Michael Gallas stuck his middle finger at the plaintiff.
On February 16, 1993 at 2:00 A.M. the plaintiffs were awakened by Michael Gallas who was throwing things at the second floor of their house. He was intoxicated and yelling belligerently. The plaintiffs were frightened and called the police. Mrs. Hartranft and the children became hysterical.
In March, 1993 the plaintiffs felt it necessary to move from the premises as a result of the defendant Michael Gallas' behavior.
Around the 15th of March the plaintiffs drove to their new residence in Wethersfield. They discovered Michael Gallas and his brother in their driveway. Plaintiffs became frightened and called the police. CT Page 12385
The actions of Michael Gallas have caused a great deal of stress to the plaintiffs and their children. The son of the plaintiffs began to have nightmares, his grades at school started to drop, and it became necessary for him to see a school psychologist.
On the basis of the evidence at trial, the court believes the plaintiffs suffered significant emotional distress as a result of defendant Michael Gallas' actions. There was continuing fear, sleep disturbances and other difficulties within the plaintiffs' family. The court finds the damages against defendant Michael Gallas to be $18,000.
The court does not believe the plaintiffs have proved damages against defendant Georgia Gallas. They have testified only about one incident in regard to her actions.
Accordingly, judgment may en enter in favor of the plaintiffs against defendant Michael Gallas for $18,000, plus costs in the amount of $246.27.
Judgment may enter for defendant Georgia Gallas.
Allen, State Trial Referee